*In re* MARRIAGE OF NASIR J. AHMAD, Petitioner-Appellant and Cross-Appellee, and CAROLYN A. AHMAD, Respondent-Appellee and Cross-Appellant.

Second District   No. 2—89—0621

Opinion filed May 25, 1990.

Law Office of Robert A. Chapski, Ltd., of Elgin (Randy K. Johnson, of counsel), for appellant.

Harry Schaffner and Colette Anderson, both of Schaffner & Anderson, Chartered, of West Dundee (Thomas Byrne, of counsel), for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The petitioner husband, Nasir Ahmad, appeals from the trial court's order granting the petition for attorney fees of the respondent wife, Carolyn Ahmad, pursuant to section 508(a)(3) of the Illinois Marriage and Dissolution Act (the Act) (Ill. Rev. Stat. 1987, ch. 40, par. 508(a)(3)). He further appeals from the trial court's order denying his request for attorney fees pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). The wife cross-appeals, contending that the trial court erred by disallowing her claim for paralegal services in defense of the husband's appeal. We affirm in part and reverse in part and remand.

On October 29, 1982, the trial court entered its order dissolving

the parties' marriage and awarded them joint custody of their son. The husband appealed. This court affirmed in an unpublished order pursuant to Supreme Court Rule 23 (107 Ill. 2d R. 23) in case No. 2—86—0329. *In re Marriage of Ahmad* (1987), 153 Ill. App. 3d 1161.

After this court issued its order, the wife filed a verified "Petition for Attorney's Fees in Defense of Appeal" pursuant to section 508. The wife petitioned for attorney fees incurred in both the trial and the appeal. In her petition, she included a breakdown of the fees sought.

The petition sought to recover fees for work done by both her attorney, Harry Schaffner, and his associate, Colette Anderson. A hearing was held in the trial court in which Mr. Schaffner testified that the fees requested in the wife's petition were accurate and fair. He submitted written time records for all work done on behalf of the wife. He testified that Colette Anderson performed a portion of the work and further stated that Ms. Anderson was an associate with his firm. However, it was later revealed that Ms. Anderson was not licensed to practice law during the time period in which a majority of the hours claimed in the petition accrued.

The trial court found that the hourly base rates and the time expended were reasonable. It ordered the husband to pay $9,547 towards the wife's attorney fees.

The husband timely filed his motion for reconsideration, arguing that the trial court did not have jurisdiction to grant the wife's petition for fees unrelated to the defense of the appeal. He later amended his motion, adding that Ms. Anderson did not become licensed to practice law until after she completed 33.2 of the billable hours sought in the wife's fee petition.

The trial court vacated its prior order and ordered that the wife amend her petition for attorney fees. In her amendment, the wife changed her demand for fees for work done by Ms. Anderson before she was licensed from $90 an hour as an attorney to $45 an hour as a paralegal.

The husband moved to strike and dismiss the wife's petition for attorney fees. He asserted that there was no precedent in Illinois to award attorney fees to a person not licensed to practice law in this State. He also sought to recover his attorney fees and costs pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). Regarding his section 2—611 petition, he argued that Mr. Schaffner filed an untrue pleading when he claimed that Ms. Anderson was an attorney. He further argued that sanctions were warranted since Mr. Schaffner did not investigate the law before he

petitioned for paralegal fees.

On November 3, 1988, the trial court granted the husband's motion to strike all claims for paralegal services. It further denied the husband's motion for sanctions. Lastly, it entered a $6,817 judgment for the wife, the amount of the prior award less the amount claimed for paralegal services.

The husband moved to reconsider the trial court's November 3, 1988, order. He sought a new hearing both on the wife's attorney fees and on his petition for sanctions. The trial court granted the husband's motion regarding sanctions but denied it regarding the wife's attorney fees.

After a hearing, the trial court found that Mr. Schaffner was negligent in failing to discover that the fee petition regarding Ms. Anderson was improper since she was not a licensed attorney during a portion of the time she worked on the wife's case. However, the trial court noted that Mr. Schaffner promptly offered to remedy his mistake after opposing counsel brought the error to the court's attention. It granted the husband's motion for sanctions and ruled that the appropriate sanction was a public reprimand; however, it denied the husband's motion to recover attorney fees. Further, the trial court found that although the current law prohibited recovering fees for paralegal work, the wife's argument for such fees was made in good faith in an attempt to change the existing law; therefore, it denied sanctions.

On this appeal, the husband first itemizes the individual attorney fee entries for which he argues that the court's fee award was improper. As to objections based upon entries of March 12, 1986, the wife has conceded impropriety. We agree and reverse the award thereupon.

The wife opposes the husband's other challenges to the entries on her fees petition. Those challenges first allege that the instant fee requests were untimely as not demonstrably related to representation for the prior appeal. We first look at the largest group of challenged fee entries. They were for the following dates in 1986: March 21; April 10 and 24; May 19; June 4, 6, 9, 11, 13, and 23; November 29; and December 2, 4, 5, 9, 15, and 19; also January 6 and 9, and March 26, 1987.

■ Section 508 of the Act provides circumstances under which the trial court may award necessary attorney fees to a party to marital dissolution; those circumstances include for defense of an appeal under the Act. (Ill. Rev. Stat. 1987, ch. 40, par. 508.) The court's authority to make such awards is strictly limited to those which are statutorily permissible. (*In re Marriage of Justema* (1981), 95 Ill.

App. 3d 483, 486.) Further, the court's jurisdiction to order fees continues only 30 days after entry of the underlying judgment order. *In re Marriage of Birt* (1987), 159 Ill. App. 3d 281, 284.

■ The party seeking fees has the burden in the trial court to present sufficiently specific evidence of his entitlement. (*Kaiser v. MEPC American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 983-86.) On appeal we will disturb the court's judgment on fees only if it were an abuse of discretion. 164 Ill. App. 3d at 984.

■ The wife's instant fees petition was filed on June 6, 1987. It was, therefore, within 30 days and, thus, timely insofar as it sought fees related to the parties' prior appeal; the appeal was decided on May 11, 1987. On the other hand, as no other relevant order was entered in the 30 days preceding filing of the instant petition, in considering the petition the court had no jurisdiction to award attorney fees which were not directly related to defense of the appeal.

The husband argues, and we agree, that none of the entries in the group to which we have just referred supported a fees award under section 508. The record shows that each of those entries was related to some matter other than the appeal, *i.e.*, child visitation or collection on earlier fees judgments, matters decided more than 30 days prior to filing of the instant fees petition. We find the awards based thereupon were an abuse of discretion.

The second group of challenges which we address is for the 1986 fee entries dated June 12, September 19, November 10, and December 22, and the 1987 entries dated February 18, and March 4 and 16. The husband argues that these entries were too vague to support the court's fee award.

Our review of the record reveals either (1) evidence upon which the trial court could have based its conclusion that each entry was timely and appropriate as directly related to the prior appeal; or (2) no basis upon which to disturb the court's award. We find no abuse of discretion regarding this second group of fee awards. *Cf. Kaiser*, 164 Ill. App. 3d at 983-86.

To define the next two fee groupings which we will address, we note that in his brief the husband presents a point-by-point argument challenging the fee awards. Following that extended argument, the husband presents a recapitulation listing the fees entries to which he objects. The husband's recapitulation includes a number of entries to which his extended argument does not refer.

Among those entries not covered in the extended argument are four which clearly were improperly included in the fees award. Even without extended argument by the husband, we find that the March

31, 1986, entry based on visitation and the April 3, 9, and 11, 1986, entries based upon collection proceedings clearly did not support a fee award. With reference to our analysis above, we find that these entries were untimely as based upon final orders entered more than 30 days prior to the filing of the petition. Consequently, we reverse the court's fees award based upon them.

The other entries listed in the husband's recapitulation, but not covered by specific argument, are for 1986: March 17 and April 1, and 7. Unlike the former entries, the descriptive labels on these entries do not reveal that a fees award thereupon was improper. Consequently, in the absence of effective argument to the contrary, we presume the correctness of the trial court's discretionary judgment to award fees based upon them. See *Rosenblatt v. Michigan Avenue National Bank* (1979), 70 Ill. App. 3d 1039, 1042.

Two fees entries remain among the husband's challenges. Those entries are both for March 1, 1988. Our review of the record reveals that, contrary to the husband's assertions, those entries were directly related to the appeal. Consequently, we find that the court acted within its authority and discretion in awarding fees thereupon.

The husband's remaining argument is that the trial court abused its discretion by not awarding him attorney fees and costs. He first contends that the trial court improperly used a subjective standard to evaluate attorney Schaffner's conduct and improperly relied on its finding of no bad faith or improper motives. The husband argues that after finding that Mr. Schaffner "technically violated" section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) by petitioning for $90 hourly attorney fees for work done by Ms. Anderson at a time when she was not licensed to practice law, the trial court should not have imposed only the sanction of a reprimand, but it should have awarded him attorney fees for defending the false petition. Moreover, the husband contends that Mr. Schaffner should be sanctioned for amending his petition for attorney fees to include a request for $45 hourly fees for Ms. Anderson's work as a paralegal. According to the husband, that amended pleading had no basis in law.

The husband relies on the case of *Gluth Brothers Construction, Inc. v. Union National Bank* (1988), 166 Ill. App. 3d 18, which interpreted the former section 2—611. It mandated fee awards whenever the moving party showed that the opposing party had presented an untrue pleading of fact which it knew or reasonably should have known was untrue. *Gluth Brothers*, 166 Ill. App. 3d at 29.

The amended section 2—611, which became effective on November 25, 1986, provides in pertinent part:

"Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name \*\*\*. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. \*\*\* If a pleading, motion, or other pleading is signed in violation of this Section, *the court, upon motion or upon its own initiative, shall impose upon the person who signed it* \*\*\* *an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee.*" (Emphasis added.) Ill. Rev. Stat. 1987, ch. 110, par. 2—611.

However, as is clear from its language, under the current statute, the trial court may sanction a section 2—611 violator in a manner other than ordering him to pay his opponent's attorney fees. The husband's reliance on the *Gluth Brothers* analysis of the former section 2—611 is misplaced.

■ Also misplaced is the husband's reliance on the court's standard for evaluation of attorney Schaffner's conduct. Whether an attorney's inquiry into the facts underlying a pleading is reasonable must be determined by an objective standard based upon the circumstances existing at the time he filed the pleading. (*Chicago Title & Trust Co. v. Anderson* (1988), 177 Ill. App. 3d 615, 623.) Nevertheless, we find no reversible error.

■ Although the court found that Mr. Schaffner should have known whether Ms. Anderson was licensed to practice law during the time originally claimed, it noted that Mr. Schaffner, once his error was disclosed, quickly offered to remedy it. We also note that, in choosing the sanction of a public reprimand, the court emphasized that the sanction would deter future conduct and would have the effect of serving "as a warning to all counsel that they must not rely solely on computer printouts \*\*\* but they must in fact read all papers before they are filed with the Court." The sanction was carefully considered.

Although the trial court here erroneously applied a subjective

standard, it found that wife's attorney did not make a reasonable inquiry into the facts of her petition for fees. The husband's disagreement is not with the court's finding of unreasonable conduct, but with the sanction imposed. We do not find that the trial court, by ordering that Mr. Schaffner be sanctioned by public reprimand and by refusing to grant the husband his fees, abused its discretion. See *In re Estate of Wernick* (1989), 127 Ill. 2d 61, 77-78.

The husband also claims that Mr. Schaffner should be sanctioned for petitioning for fees for paralegal services. Although the trial court found that Illinois does not recognize recovery for paralegal fees, it further found that the wife was attempting to reverse the existing law. We find that the trial court did not abuse its discretion when it found that the paralegal fee argument was made in good faith and, thus, denied the husband's motion for sanctions.

The wife cross-appeals, contending that the trial court erred by refusing to award her section 508 legal fees for services rendered by a paralegal. The trial court held that a party cannot recover fees incurred by his attorney's paralegal; however, it noted that a paralegal's services can be invaluable to a modern law office and that a paralegal can provide many out-of-court services to a client at a lower hourly rate than an attorney.

The husband argues that the wife should not be allowed to recover fees incurred through the use of a paralegal. He asserts that section 508 provides recovery solely for attorneys' work and contends that if this court allows a recovery for paralegal services, it would be allowing the wife to recover fees for the unauthorized practice of law. Neither party presents case authority answering whether section 508 covers paralegal services.

Only persons licensed to practice law can receive compensation for legal services. (Ill. Rev. Stat. 1987, ch. 13, par. 1.) However, although one cannot collect attorney fees for the unauthorized practice of law (see *Lozoff v. Shore Heights, Ltd.* (1977), 66 Ill. 2d 398, 402), it should be noted that all of the paralegal time for which the wife sought fees was based upon Ms. Anderson's administrative or research duties, and not for court appearances or signatures on any legal pleadings. There is no suggestion of her unauthorized practice of law. We must merely examine whether the legislature intended that section 508 cover paralegal fees.

▆▆ ▆ Section 508 of the Act allows a spouse to recover "a reasonable amount for his own costs and attorney's fees." (Ill. Rev. Stat. 1987, ch. 40, par. 508.) To interpret the legislature's intended coverage with this unclear phrase, we consider several sources. See *Eck-*

*man v. Board of Trustees for the Police Pension Fund* (1986), 143 Ill. App. 3d 757, 762.

We look primarily to an analogous provision in the criminal statutes. Like section 508, section 113—3(c) of the Code of Criminal Procedure of 1963 also allows recovery of attorney fees; in its case, those fees are for court-appointed counsel. Section 113—3(c) provides, "[u]pon the filing with the court of a verified statement of services rendered the court shall order the county treasurer of the county of trial to pay *counsel* other than the Public Defender *a reasonable fee.*" (Emphasis added.) Ill. Rev. Stat. 1987, ch. 38, par. 113—3(c).

Although the legislature referred only to "counsel" and "a reasonable fee," the supreme court has held that section 113—3(c) covers recovery of overhead costs and trial expenses. (*People v. Johnson* (1981), 87 Ill. 2d 98, 105-06.) In listing the fee components available under section 113—3(c), the *Johnson* court specifically included paralegal services; the court instructed an attorney who may seek section 113—3(c) fees to keep service logs "and indicate which services were performed by himself, his associates, law clerks, or paralegals." 87 Ill. 2d at 106. See also *In re Petition for Fees* (1983), 117 Ill. App. 3d 744, 747.

We find that section 508 similarly allows a party to recover paralegal fees. Although the particular statutory language differs, the language of section 508, as it specifically covers "costs," is at least as broad as the language in section 113—3(c). We find that the apparent purpose underlying these two statutes is identical: to cover broadly the costs of necessary legal services rendered. In that regard, we agree with the trial court's notation that paralegals are a valuable resource in the practice of law and find that their services, provided under the direction and control of a licensed attorney, should be recoverable under section 508.

Our finding that section 508 covers paralegal fees is consistent with prior cases which acknowledged that clients derive benefits from work by law clerks. (See *Fiorito v. Jones* (1978), 72 Ill. 2d 73, 89.) It is also consistent with the decision in *In re Marriage of Thornton* (1980), 89 Ill. App. 3d 1078.

In *Thornton*, the wife filed a petition for fees under section 508 of the Act. The trial court granted part of the wife's petition, but denied the part praying for fees for work done by several associates and by one paralegal, finding their work to be unnecessary. The appellate court endorsed the availability of paralegal fees when it reversed, holding that the trial court improperly determined that the associate and paralegal work was unnecessary. 89 Ill. App. 3d at 1095.

24

The judgment of the circuit court of Kane County is affirmed insofar as it denied the husband's motion for sanctions and granted the wife's petition for attorney fees demonstrably related to defending the former appeal. We reverse those portions of the judgment granting the wife's untimely requests for attorney fees and denying paralegal fees. We remand the cause for entry of an appropriate, amended order consistent with this opinion.

Affirmed in part; reversed in part and remanded with instructions.

INGLIS and REINHARD, JJ., concur.