874 P.2d 806 (1994)
Amos Eugene TAYLOR, and Barbara L. Taylor, Plaintiffs,
v.
CHUBB GROUP OF INSURANCE COMPANIES, and Northwestern Pacific Indemnity Company, Defendants.
No. 81492.
Supreme Court of Oklahoma.
May 10, 1994.
*807 Bill v. Wilkinson, Robyn R. Sanzalone, Tulsa, for plaintiffs.
W.R. Cathcart, Oklahoma City, for defendant.
WATT, Justice.
The United States District Court for the Northern District of Oklahoma certified questions of state law to this Court under the Oklahoma Uniform Certification of Questions of Law Act, 20 O.S. 1991 §§ 1601, et seq. The federal court asks two interrelated questions:
(1) Whether the phrase "attorneys fees", when used in Oklahoma statutory or case law providing for the award of costs to a prevailing party, should be interpreted to encompass all work product of an attorney, including fees for services performed by legal assistants or paralegals?
(2) If the preceding question is answered in the affirmative, whether the decision of the Oklahoma Supreme Court should be applied retroactively to provide for the award of fees in the present litigation?
We answer yes to question (1). In answer to question (2) we hold that this decision should be applied retroactively to provide for the award of fees in the present litigation.

FACTS
The parties have stipulated to most of the facts, and the rest are undisputed. Plaintiffs, the Taylors, were insured under a homeowner's insurance policy issued by defendant Northwestern, which is one of defendant Chubb's group of companies. The Taylors' home was destroyed by fire on January 7, 1990. The Taylors sued the Insurers, and on June 2, 1992, recovered judgment on a jury verdict. They then applied for an attorney fee under 36 O.S. 1991 § 3629.B.[1] We assume for the purposes of this opinion that the Taylors were the "prevailing party" as that term is used in § 3629.
The Taylors' attorney fee application included time charges for services performed by a legal assistant, who was designated by the National Association of Legal Assistants as a Certified Legal Assistant and Civil Litigation Specialist. The legal assistant's services were performed under the supervision of counsel, were non-clerical in nature, and provided meaningful support to counsel in his handling of the case. The Taylors' lawyers practice in Tulsa, where the prevailing community practice is for lawyers to bill legal assistant's time to clients.
Insurers objected to consideration of the Taylors' claim for the time of their counsel's legal assistant on the ground that such services are not contemplated by the statutory term "attorney fees".

I.
We first consider whether charges for legal assistants' time are included in the term "attorney fees", as that term is used in 36 O.S. 1991 § 3629.B.[2] This is a question of *808 first impression, although we considered the meaning of § 3629.B in a broader context in Oliver's Sports Ctr., Inc. v. National Standard Ins. Co., 615 P.2d 291, 294-95 (Okla. 1980). There, we adopted the reasoning of State ex rel. Burk v. City of Oklahoma City, 598 P.2d 659, 661 (Okla. 1979) and held "the proper procedure to be followed by trial courts in establishing a reasonable attorney fee is to determine the hourly compensation on an hourly rate basis and to add an additional amount based on the following guidelines".[3]
We held that detailed time records would be required to establish a reasonable fee and evidence would be required to show the reasonable value of the services "predicated on the standards within the local legal community." Burk, 598 P.2d at 663, and Oliver's Sports Ctr., 615 P.2d at 295.
The parties have stipulated that the legal assistant's services were valuable to the Taylors during the litigation. They have also stipulated that the "prevailing practice in the community is for attorneys to bill legal assistant or paralegal time to clients."[4] Under these circumstances we see no reason to ignore such charges. We believe the legislature would have said so had it intended the term "attorney fees" to except charges for the time of legal assistants in communities where the "prevailing practice" is to charge for such time.
The United States Supreme Court considered this issue in Missouri v. Jenkins, 491 U.S. 274, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). Seven of the eight justices participating agreed that hourly charges for paralegals and law clerks must be considered in setting an attorney's fee under federal civil rights statutes. In Sheraton Park Hotel, note 3, which we relied upon in both Burk and Oliver's Sports Ctr., the court also interpreted a federal civil rights statute.
In Missouri v. Jenkins, the court recognized that an attorney's fee awarded under statute should yield "the same level of compensation that would be available from the market." Id. at 286, 109 S.Ct. at 2470. To do so, said the court, citing Ramos v. Lamm, 713 F.2d 546, 558 (10th Cir.1983), "the `increasingly widespread custom of separately billing for the services of paralegals and law students who serve as clerks,' ... must be taken into account." We agree. We have expressly held in Burk and Oliver's Sports Ctr. that the practice in a community must be considered in setting a fee.
Separately charging for the time of legal assistants has grown in larger communities in response to clients' desire to keep the average hourly rate as low as possible, consistent with competent handling of cases. The U.S. Supreme Court said that to the extent fee applicants for statutory attorney's fees "are not permitted to bill for the work of paralegals at market rates, it would not be surprising to see a greater amount of such work performed by attorneys themselves, thus increasing the overall cost of litigation." Missouri v. Jenkins, 491 U.S. at 288, Note 10, 109 S.Ct. at 2472, Note 10.
In Missouri v. Jenkins, the court also noted the results of a survey by Amicus, National Association of Legal Assistants, the *809 organization to which the legal assistant in this appeal belongs. Seventy-seven percent of one-thousand-eight-hundred legal assistants responding to the survey reported that their firms charged clients for paralegal work on an hourly basis.
There is no reason to exclude charges for the time of legal assistants in computing statutorily mandated attorney fees where such charges are customarily made to clients and the legal assistant's services are useful to the client. A contrary holding would require us to assume that the legislature intended the term "attorney fee" to mean something different from the meaning that the stipulation of the parties shows attorneys and clients give it. This we decline to do.[5]
Our holding today, that the time of paralegals is properly includable as a component to be considered in the trial court's assessment of the total value of services rendered, is limited to charges for work performed, which otherwise would have had to have been performed by a licensed attorney at a higher rate. There are several charges in the Taylors' attorneys' billings, however, that apparently fail to satisfy this requirement. The billings reflect a charge for the legal assistants' time in court at the same rate, $150.00 per hour, as the licensed attorney charged for his own time. Charges were made for time spent in copying documents and in doing other secretarial tasks, rather than substantive legal work. Such charges are not includable in attorneys fees awarded under § 3629.B. The only charges for nonlawyers' time that properly fall within the definition of "attorney fees," under § 3629.B are those that are clearly shown to have been made (1) for the delegated performance of substantive legal work, that (2) would otherwise have to be performed by a lawyer, (3) at a rate higher than that charged for the nonlawyers' time. Only those charges made to the Taylors' by their attorneys that met the foregoing three requirements are includable as "attorney fees" under § 3629.B.
As its pattern of proof, a party seeking attorney fees must plead and prove that the charges made for non-lawyer's time covered work that a lawyer would have had to perform but for the performance of such services by a legal assistant. In addition, the total charges made for the legal assistant's services must be less than the total charges would have been, had a lawyer performed the services.
Among other tasks, a legal assistant may:
 interview clients
 draft pleadings and other documents
 carry on legal research, both conventional and computer aided
 research public records
 prepare discovery requests and responses
 schedule depositions and prepare notices and subpoenas
 summarize depositions and other discovery responses
 coordinate and manage document production
 locate and interview witnesses
 organize pleadings, trial exhibits, and other documents
 prepare witness and exhibit lists
 prepare trial notebooks
 prepare for the attendance of witnesses at trial
 assist lawyers at trials
We assume that Certified Question (1) implies that we are to answer it within the context of the facts of the case before the federal court. Having made this assumption, we answer yes to Certified Question number (1), subject, however, to the limitations set forth in the preceding paragraph.

*810 II.
Under certain circumstances we have given prospective effect only to holdings. We have done so, however, only where our ruling has represented a marked change in the law, and the losing party might otherwise be unreasonably prejudiced. Griggs v. State, ex rel., Dept. of Transportation, 702 P.2d 1017 (Okla. 1985). Here, our conclusion that the term "attorney fees" includes time charges for legal assistants represents only a clarification of the law, not a change. Our holding is supported by the overwhelming weight of authority.[6] Thus, today's pronouncement changes no preexisting rule of Oklahoma law. We see no reason to apply it prospectively only. We therefore answer yes to Certified Question number (2).
CERTIFIED QUESTIONS ANSWERED.
LAVENDER, V.C.J., and OPALA, KAUGER and SUMMERS, JJ., concur.
ALMA WILSON, J., concurs in part, dissents in part.
HODGES, C.J., and SIMMS and HARGRAVE, JJ., dissent.
NOTES
[1] In relevant part, 36 O.S. 1991 § 3629.B provides:

B.... Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party....
[2] The implications of our inquiry are much broader than § 3629.B. The Oklahoma Statutes fairly bristle with provisions calling for the award of attorney fees by trial courts to prevailing parties in various sorts of actions. See, for example, 12 O.S. 1991 § 936 (notes, contracts for goods or services, etc.), 12 O.S. 1991 § 937 (checks), 12 O.S. 1991 § 938 (public utilities), 12 O.S. 1991 § 939 (breach of express warranties under the Uniform Commercial Code), 12 O.S. 1991 § 940 (negligent or wilful injury to property), 18 O.S. 1991 § 955.A (farm land unlawfully owned by a corporation), 63 O.S.Supp. 1992 § 1-1818.B (polluters), 12A O.S. 1991 § 2A-106 (unconscionability of a lease), 62 O.S. 1991 § 206 (constitutionality or legality of fees or taxes), 79 O.S. 1991 § 102 (statutory prohibition of pooling by bridge or other contractors), 42 O.S. 1991 § 176 (lien foreclosures), 71 O.S. 1991 § 824 (rescission of unlawful business opportunity sales), 10 O.S. 1991 § 89.3 (paternity suits), 68 O.S. 1991 § 774.D (mining law violations), 45 O.S. 1991 § 3237 (failure to make discovery or to comply with various discovery requirements), 40 O.S. 1991 § 197.9 (minimum wage law violations), 15 O.S. 1991 § 761.1 (consumer protection act violations), 27 O.S. 1991 § 11.3 (condemnation actions), 12 O.S. 1991 § 1148.9 (forcible entry and detainer), 12 O.S.Supp. 1992 § 1190 (garnishment), 47 O.S. 1991 § 169.6 (motor carrier loss and damage claims).
[3] We set out twelve factors to be considered in deciding what was a reasonable fee in Burk and Oliver's Sports Center. They were:

1. Time and labor required.
2. The novelty and difficulty of the questions.
3. The skill requisite to perform the legal service properly.
4. The preclusion of other employment by the attorney due to acceptance of the case.
5. The customary fee.
6. Whether the fee is fixed or contingent.
7. Time limitations imposed by the client or the circumstances.
8. The amount involved and the results obtained.
9. The experience, reputation and ability of the attorneys.
10. The "undesirability" of the case. [i.e. risk of non-recovery]
11. The nature and length of the professional relationship with the client.
12. Awards in similar cases.
These guidelines were originally stated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974) and later were adopted in Evans v. Sheraton Park Hotel, 164 U.S.App.D.C. 86, 96, 503 F.2d 177, 187 (1974)
[4] The terms "legal assistant", as defined by the American Bar Association, and "paralegal" are used interchangeably in some contexts. ABA Model Guidelines for the Utilization of Legal Assistant Services adopted in 1986.
[5] For the reasons set forth in this opinion, we reject the conclusion of the Court of Appeals in R.J.B. Gas Pipeline Co. v. Colorado Interstate Gas Co., 813 P.2d 14, 26 (Okla. App. 1990). There, the Court of Appeals held that attorney fees may not be awarded under 12 O.S. 1981 § 936 to include charges for law clerks and legal assistants. The Court of Appeals opinion in R.J.B. Gas Pipeline is not binding and lacks precedential effect. "... No opinion of the Court of Appeals shall be binding or cited as precedent unless it shall have been approved by the majority of the Justices of the Supreme Court for publication in the official reporter ..." 20 O.S. 1991 § 30.5. This Court did not approve R.J.B. Gas Pipeline.
[6] In Missouri v. Jenkins, the court noted that only one circuit had refused to allow recovery of any paralegal expenses. The court cited cases from seven other circuits, all of which allowed the consideration of paralegal expenses in setting a reasonable fee. Missouri v. Jenkins, note 7, 491 U.S. at 284, 109 S.Ct. at 2470. The state courts have also looked favorably on including legal assistants hourly charges in determining attorney fees. See, e.g., Continental Townhouses East Unit One Ass'n. v. Brockbank, 152 Ariz. 537, 733 P.2d 1120 (App. 1986); In re Marriage of Ahmad, 198 Ill. App.3d 15, 144 Ill.Dec. 320, 555 N.E.2d 439 (1990); First N.H. Banks Granite State v. Scarborough, 615 A.2d 248 (Me. 1992); Price v. Cole, 31 Mass. App. Ct. 1, 574 N.E.2d 403, 407 (1991); Willamette Prod. Credit Ass'n. v. Borg-Warner Accept. Corp., 75 Or. App. 154, 706 P.2d 577, 580 (1985); and Gill Savings Ass'n. v. International Supply Co., Inc., 759 S.W.2d 697 (Tex. App. 1988).