NO. 26762

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

WILLIAM TAGUPA,
Respondent.

_____

ORIGINAL PROCEEDING
(ODC CASE NO. 14-020-9163)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon review of the report and recommendation submitted by the Disciplinary Board of the Supreme Court of the State of Hawaiʻi on July 29, 2015 in this matter, we find and conclude, based upon clear and convincing evidence, that this court's March 3, 2005 order of suspension, enjoining Respondent William Tagupa from the practice of law, remains valid and continues to prohibit Respondent Tagupa from practicing law in this jurisdiction, and further find and conclude, in the first matter before the court, that in August, 2010 Respondent Tagupa formed an attorney-client relationship with Mr. K, a distant

relative, and thereafter assisted Mr. K, through January, 2014, with a civil rights proceeding and subsequent litigation regarding a wrongful discharge claim, by discussing the legal aspects of the claim, including interpreting relevant statutes and case law, performing legal analysis and developing legal strategies, including, *inter alia*, arguments based upon statutes of limitation, the doctrine of preemption, rational relationships, and disparate impact, advising Mr. K on deposition and discovery strategies, providing legal arguments for responding to a motion for summary judgment, drafting legal memoranda for use in the litigation, discussing settlement strategy and the characteristics of a valid settlement agreement, drafting a legal memorandum for Mr. K to use in a settlement conference in the federal litigation, advising Mr. K on an appeal to the United States Court of Appeals for the Ninth Circuit, drafting an opening brief for use by Mr. K and his formal counsel, and drafting a reply brief which Mr. K submitted to the Ninth Circuit under his own name on January 14, 2014.

We decline to address the second matter in the Board's report, involving an application for a writ of certiorari to this court, as the matter was not alleged in the original petition.

Upon review of the above conduct, we conclude Respondent Tagupa engaged in the practice of law, in violation of this court's injunction. See ODC v. Gould, 119 Hawaiʻi 265, 270,

2

195 P.3d 1197, 1202 (2008) and Fought & Co., Inc. v. Steel Engineering and Erection, Inc., 87 Hawai'i 37, 45, 951 P.2d 487, 495 (1998); see also Gould, 119 Hawai'i at 271, 195 P.3d at 1203; Attorney Grievance Comm'n of Maryland v. Brisbon, 31 A.3d 110, 118 (Md. 2011); In re Chavez, 1 P.3d 417, 424 (N.M. 2000); Disciplinary Counsel v. Coleman, 724 N.E.2d 402, 404 (Ohio 2000); In re Conduct of Devers, 974 P.2d 191, 196 (Or. 1999); Kansas v. Schumacher, 519 P.2d 1116, 1121 (Kan. 1974); Edwards, Inc. v. Hert, 504 P.2d 407, 416 (Okla. 1972); Cf. Matter of Discipline of Jorissen, 391 N.W.2d 822, 825 (Minn. 1986).  A suspended attorney is, indeed, under greater strictures than a layperson with regards to conduct that may constitute the practice of law.  See Gould, 119 Hawai'i at 268-69, 195 P.3d at 1200-01; see also In re Martin, 400 F.3d 836, 843 (10th Cir.2005);  In re Disciplinary Action Against Larson, 485 N.W.2d 345, 349 (N.D. 1992); State of Nebraska ex rel. Nebraska State Bar Ass'n v. Butterfield, 111 N.W.2d 543, 546-47 (Neb. 1961); Schumacher, 519 P.2d at 1122, 1125.  This is because, in contrast to a lay person, a suspended attorney applying legal skills to a matter gives the appearance of, and equates to, engagement in the practice of law.  See Comm. on Prof'l Ethics & Conduct of Iowa State Bar Ass'n v. Gartin, 272 N.W.2d 485, 491-92 (Iowa 1978)).

Finally, we concur with the Hearing Officer's characterization of Respondent Tagupa as "intelligent and

3

competent" with "legal research skills and analysis [which] are certainly quite good, if not superior," and, hence, concur Respondent Tagupa was "certainly quite capable of accurately researching the existing case law about what constitutes the practice of law . . . in Hawaiʻi and in other jurisdictions, as well as any attorney," but, nevertheless, despite that ability, and the Gould holding provided him by the Hawaiʻi Civil Rights Commission, Tagupa never sought advice of counsel from ODC or any other party concerning whether his activities were permitted as a suspended attorney.

We conclude Respondent Tagupa's conduct violated Rules 3.4(e) and 5.5(a) of the Hawaiʻi Rules of Professional Conduct by violating RSCH Rules 2.16(c) and 2.17(a) and the standing injunction against him imposed by this court on March 3, 2005, though we also note Respondent Tagupa did not gain financially from any of the assistance provided to his distant relative. Therefore,

IT IS HEREBY ORDERED that Respondent William Tagupa is suspended from the practice of law for a further two years. In light of Respondent Tagupa's long-standing suspension, the instant suspension is effective upon entry of this order. Respondent Tagupa, therefore, may not apply for reinstatement until the passage of at least one year from the entry date of this order, pursuant to RSCH Rule 2.17(b)(3).

4

IT IS FURTHER ORDERED that Respondent Tagupa shall bear the costs of the disciplinary proceedings, upon the timely submission of a verified bill of costs by the Office of Disciplinary Counsel, pursuant to RSCH Rule 2.3(c).

IT IS FINALLY ORDERED that Respondent Tagupa is hereby notified that any further misconduct that can be established as the unauthorized practice of law under either the Hawaiʻi or foreign case law cited above may be grounds for a criminal contempt proceeding against him, pursuant to HRS §§ 710-1077(1)(c), 710-1077(1)(g), and 710-1077(3)(b) (Supp. 2008), as a knowing violation of a valid order of this court enjoining him from the practice of law.

DATED: Honolulu, Hawaiʻi, March 24, 2016.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

