**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In Re:

GANY MIKE BELLO, ESQ.,

Appellant.

No. 06-2199
(D.C. Misc. No. 2006-06)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

The United States District Court for the District of New Mexico suspended attorney Gany Mike Bello for unprofessional conduct, a decision Mr. Bello now appeals to us arguing that the district court exceeded its authority and failed to afford him due process. Following a careful review of the record, we conclude that the district court acted in accord with its rules and inherent authority, and

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that it afforded Mr. Bello generous notice and repeated opportunities to be heard. Accordingly, we affirm.

I

Mr. Bello is an attorney who was, as of 2004, admitted to practice in the United States District Court for the District of New Mexico. In that capacity, he appeared before the court as counsel in two civil matters giving rise to the current disciplinary proceedings, No. 04-CV-271, *Wheeler v. American Heritage Bank*, and No. 04-CV-399, *Drain v. Wells Fargo Bank*. In the course of his representation, according to the district court, Mr. Bello consistently and over a period of two years behaved abusively toward opposing counsel and the court alike. While a full appreciation of the charges against him can be had only by examining the district court's decisions, *Wheeler*, No. 04-CV-271 (D. N.M. Oct. 29, 2004) (dismissing complaint with prejudice); *Drain*, No 04-CV-399 (D. N.M. Mar. 2, 2006) (same), and our own in *Drain*, No. 06-2096, 2007 WL 756438 (10th Cir. Mar. 14, 2007) (unpublished), it suffices to report here that Mr. Bello's alleged conduct extended well beyond the pale of zealous advocacy and involved making unfounded charges against opposing counsel, disregarding court orders, misrepresenting relevant facts and law, and exhibiting a profound lack of respect for the judicial process. When it determined that Mr. Bello was unresponsive to lesser sanctions, the district court dismissed both *Wheeler* and *Drain* with prejudice.

After the cases were dismissed, the district judge presiding over the *Drain* litigation directed Mr. Bello to show cause before a three-judge disciplinary panel why his privilege to practice in the District of New Mexico should not be revoked. Mr. Bello responded by asking the court to enjoin disciplinary proceeding because *Drain* (decided by this court in March 2007) was then still pending on appeal. The court declined to do so, however, and it eventually suspended him. Still, the court acknowledged "that the appellate process ha[d] not run its course," and it therefore decided "not [to] enter a permanent discipline until the appellate process ha[d] finished." Aplt. App. at 92. In the interim, and "[u]ntil further ordered," the terms of the court's suspension order precluded Mr. Bello from practicing before it unless he "associate[d] with a licensed attorney who is authorized to practice in, and fully in good standing with, the United States District Court for the District of New Mexico." *Id.* Mr. Bello was also restricted from filing any pleading "unless it ha[d] been reviewed, approved, and signed as to form only by [the described] associate attorney." *Id.* Additionally, the court ordered Mr. Bello to pay any such attorney his or her hourly rate for all work reviewed.

On appeal, Mr. Bello argues that the district court (1) exceeded its authority to suspend him; and (2) violated his right to due process by giving him inadequate notice of the allegations against him and denying him an opportunity to respond to those allegations.

II

Before addressing the merits of this, or any, appeal, we must of course first cross the threshold issue of our jurisdiction. Generally, courts of appeals have jurisdiction only over final decisions of the district courts. 28 U.S.C. § 1291; *United States v. Dickstein*, 971 F.2d 446, 447-48 (10th Cir. 1992). Attorney discipline orders, including suspensions from practice, however, have long been treated as qualifying final decisions. *In re Martin*, 400 F.3d 836, 840-41 (10th Cir. 2005); *Mattox v. Disciplinary Panel of U.S. Dist. Court for Dist. of Colo.*, 758 F.2d 1362, 1364 (10th Cir. 1985). In this case, the district court held Mr. Bello suspended "[u]ntil further ordered." Aplt. App. at 92. This language is materially indistinguishable from the language employed by the district court in *Mattox*, where we found jurisdiction over an order suspending an attorney "for an indefinite period of time and until further Order of the Court." 758 F.2d at 1364 (quotation and brackets omitted). Coupling this with the fact that the suspension already imposed on Mr. Bello has a definite effect on his professional reputation, which is generally sufficient to support appellate jurisdiction, *cf. Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163, 1168-69 (10th Cir. 2003), we are satisfied that jurisdiction exists to consider this appeal. We therefore proceed to its merits, mindful that the district court's decision to suspend Mr. Bello is reviewed for an abuse of discretion. *In re Martin*, 400 F.3d at 841.

III

1.    The district court's suspension order was predicated on a local rule providing that "[t]he Court, *sua sponte* or upon recommendation by the State Bar of New Mexico Disciplinary Board, may discipline, suspend or disbar an attorney under D.N.M.LR-Civ. 83.9."[1]  D.N.M.LR-Civ. 83.10.  Though not entirely clear from his brief, Mr. Bello seems to suggest that the district court improperly exceeded its authority under D.N.M.LR-Civ. 83.10 by disciplining him for simply failing to understand the rules of practice.

Mr. Bello's argument misconstrues the authority of federal courts to regulate the practice of attorneys before them.  The District of New Mexico has "inherent supervisory power" over the conduct of attorneys appearing in its courtrooms, *United States v. Ryans*, 903 F.2d 731, 734 n.4 (10th Cir. 1990), and this power includes the ability "to control admission to its bar and to discipline attorneys who appear before it," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).  The district court exercised its authority under D.N.M.LR-Civ. 83.10 to suspend Mr. Bello for a host of lawful reasons, perhaps the least of which was his apparent ignorance (or disregard) of basic practice rules.

---

[1]    "The Rules of Professional Conduct adopted by the Supreme Court of the State of New Mexico apply except as otherwise provided by local rule or by Court order.  *See, e.g.*, D.N.M.LR-Civ. 83.4(c).  Lawyers appearing in this District must comply with the section for lawyers of 'A Creed of Professionalism of the New Mexico Bench and Bar.'"  D.N.M.LR-Civ. 83.9.

-5-

2.    Mr. Bello further contends he was denied due process because the district court's show cause order did not "include any exhibits []or contain any attachments," "was void of any specific fact[] allegations," and "was conclusory and failed to provide due process notice of what the specific charges [were] against" him.  Aplt. Br. at 13.

To be sure, an attorney subject to disciplinary proceedings is entitled to procedural due process.  *Razatos v. Colo. Supreme Court*, 746 F.2d 1429, 1435 (10th Cir. 1984).  Although this does not necessitate the provision of "the full panoply of rights afforded to an accused in a criminal case," *id.* (quotation omitted), an attorney subject to discipline is entitled to receive reasonable notice of the allegations against him and an opportunity to respond, *Mattox*, 758 F.2d at 1368-69.  That manifestly occurred here.

The district court first directed Mr. Bello on January 25, 2006, to show cause why his privilege to practice in that court should not be revoked.  The court's order proceeded, moreover, to specify the matters on which he needed to respond – alleging that he "lacks a basic understanding of the rules of practice, abuses opposing counsel with specious charges and allegations and lacks respect for the judicial tribunal."  Aplt. App. at 3.  The court also gave Mr. Bello an opportunity to respond at a hearing scheduled more than a month later, on February 28, 2006.  When Mr. Bello filed a request for more information, the court duly postponed the hearing for nearly another month, until March 22, 2006,

-6-

and advised him that the information to be considered by the disciplinary panel would include court records from the *Wheeler* and *Drain* litigation.

The day of the already-postponed hearing, Mr. Bello faxed to the court a request to enjoin the proceeding on the basis that he had been given supposedly inadequate notice of the allegations against him. Although the court promptly notified him that his request for an injunction would be heard immediately before the show cause hearing, Mr. Bello failed to appear.

On April 12, 2006, the court issued a ruling declining to enjoin the disciplinary proceedings and provided a forty-three page memorandum detailing further the factual basis of its earlier show cause order. The court then scheduled yet another show cause hearing, this time for May 22, 2006, at which it invited Mr. Bello to respond to its detailed description of his conduct. Once again, Mr. Bello did not appear. Instead, he repeated his request for injunctive relief. Finally, on June 6, 2006, the district court again denied Mr. Bello's request for injunctive relief and issued its order of suspension.

Given the court's prodigious efforts over a five month period to inform Mr. Bello of the allegations against him and provide him multiple opportunities to be heard, both in writing and orally (in the latter case, three times, all of which

were declined), Mr. Bello's assertion that he did not receive the process due him

can be described as nothing short of frivolous.[2]

* * *

The judgment of the district court is affirmed.

Entered for the Court

Neil M. Gorsuch
Circuit Judge

---

[2]    Mr. Bello asserts in his statement of issues that an attorney's "respectful disagreement" with a district court cannot be a proper basis for discipline. Aplt. Br. at XVI. His brief, however, does not develop this particular argument, and in fact, makes no further reference to this contention. We therefore deem the argument waived. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1202 n.4 (10th Cir. 2003) (recognizing that failure to develop claim on appeal constitutes waiver).