[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10535
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01986-CV-ORL-31-GJK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUCILLE JANICE OFFILER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 8, 2009)

Before BARKETT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Lucille Janice Offiler, proceeding pro se, appeals from the district court's grant of summary judgment to the government in its civil action to enforce a federal tax lien, pursuant to 26 U.S.C. § 7403(a). For the reasons set forth below, we affirm.

## I.

The United States of America filed the instant civil action against Offiler,[1] pursuant to 26 U.S.C. §§ 7401 and 7403, seeking to reduce to judgment her federal tax liabilities for tax years 1994 through 2000 and foreclose upon the resulting federal tax lien by attaching Offiler's ownership interest in real property located in Kissimmee, Florida.

The government filed a motion for summary judgment and attached documents showing that the government had made valid assessments for unpaid income tax against Offiler for the years 1994 through 2000. The government also attached an affidavit by an employee of the Internal Revenue Service ("IRS"), who confirmed that the government had made valid tax assessments against Offiler and that she had outstanding tax liabilities of almost $200,000.

Offiler filed an opposition to the government's summary judgment motion. She did not submit any evidence, but rather attached a self-prepared affidavit, in

---

[1] The government also named Wells Fargo Home Mortgage, Inc., and Dolphin Bay Holdings, Inc., as defendants in the action, but these defendants are not parties to this appeal.

which she advanced numerous tax-protester legal arguments.

In a brief order, the district court granted the government's summary judgment motion. The court stated: "Offiler, a tax protester, has filed numerous documents in this case, but her arguments are uniformly frivolous, and her response to the instant motion is no exception." After the court subsequently denied Offiler's motion to vacate the summary judgment order, it entered a decree of foreclosure and order of sale of the property. This appeal followed.

## II.

"We review de novo questions on the jurisdiction of the district court." Zakrzewski v. McDonough, 490 F.3d 1264, 1267 (11th Cir. 2007). We also review de novo the district court's grant of summary judgment. United States v. Ryals, 480 F.3d 1101, 1104 (11th Cir. 2007).

Under the Internal Revenue Code, when an individual fails to pay an assessed tax, a lien in that amount arises in favor of the United States "upon all property and rights, whether real or personal, belonging to such person." 26 U.S.C. § 6321. That lien "arise[s] at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied . . . ." Id. § 6322. Pursuant to 26 U.S.C. § 7403, the government may file a civil action in the district court to

3

enforce the lien and subject the delinquent taxpayer's property to the payment of such tax liability. 26 U.S.C. § 7403(a); see also id. § 7403(c) (providing that after the district court finds the government's tax lien to be established, it "may decree a sale of such property . . . and a distribution of the proceeds of such sale").

### III.

Offiler first contends that the district court lacked subject-matter jurisdiction in this case, but this contention is without merit. See 26 U.S.C. § 7402(a) (granting the district courts jurisdiction over civil actions brought pursuant to § 7403); 28 U.S.C. § 1340 (granting the district courts jurisdiction over "civil action[s] arising under any Act of Congress providing for internal revenue"); 28 U.S.C. § 1345 (granting the district courts jurisdiction over "all civil actions, suits or proceedings commenced by the United States"). In this respect, to the extent that Offiler contends that the Florida courts had exclusive jurisdiction over this action, that argument is plainly incorrect. Furthermore, Offiler's reliance on the federal tax exception to the Declaratory Judgment Act is misplaced because the government was not seeking a declaratory judgment in this case. See 28 U.S.C. § 2201(a). Thus, we conclude that the district court had subject-matter jurisdiction.

Offiler next contends that the district court lacked an evidentiary basis to grant the government summary judgment. However, the government attached

4

evidence to its summary judgment motion indicating that it had in fact made valid tax assessments against Offiler from 1994 to 2000 and that those taxes went unpaid. See United States v. Chila, 871 F.2d 1015, 1017-18 (11th Cir. 1989) ("[T]his Court accepts the document 'Certificate of Assessments and Payments' submitted by the government as presumptive proof of a valid assessment."). Moreover, the government also attached an affidavit by an IRS employee who verified that information. Rather than submit any rebuttal evidence in her response to the government's summary judgment motion, Offiler merely raised frivolous tax-protester legal arguments. See id. at 1018 ("Given that the defendant has produced no evidence to counter this presumption, the Court is satisfied that the government has established that the claimed tax liability was properly assessed against the defendant.").

To the extent that Offiler argues that her property was protected by Florida's homestead exemption, that argument is foreclosed by Supreme Court precedent. See United States v. Rodgers, 461 U.S. 677, 701, 103 S.Ct. 2132, 2146, 76 L.Ed.2d 236 (1983) (noting that the Supremacy Clause "provides the underpinning for the Federal Government's right to sweep aside state-created [homestead] exemptions" under § 7403). We also conclude that Offiler's alleged failure to receive certain documents during the course of the litigation was harmless.

5

Thus, the district court properly granted the government summary judgment.

Accordingly, we affirm.

**AFFIRMED.**