**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAVID LEE SMITH,

       Petitioner,

and

MARY JULIA HOOK,

       Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

       Respondent-Appellee.

No. 11-9003
Tax Ct. No. 22223-07
(U.S. Tax Court)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**MATHESON**, Circuit Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mary Julia Hook, an attorney appearing pro se, appeals from (1) the Tax Court's decision imposing deficiencies, additions to tax, and penalties based on a stipulated settlement agreement and (2) its orders denying post-trial motions. Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we affirm.

BACKGROUND

After the Commissioner issued a notice of deficiency asserting deficiencies, additions to tax, and penalties for tax years 2001 to 2005 against Ms. Hook and her husband David Lee Smith, also an attorney, they filed a petition for redetermination in the Tax Court. Nearly two years later, Ms. Hook entered into a settlement agreement with the Commissioner specifically setting forth the deficiencies, additions to tax, and penalties she owed for those tax years. She further stipulated that interest would be paid as provided by law. Mr. Smith declined to join in the settlement, and, instead, opted to proceed to trial.

In the meantime, he filed a suit for refund in the United States Court of Federal Claims, disputing tax liabilities for tax years 1992 through 1996 and seeking a declaration that the Tax Court had no jurisdiction over tax liabilities for tax years 2001 through 2005. He also filed a motion in Tax Court to dismiss the pending proceedings against him, asserting that the suit for refund in the Court of Federal Claims divested the Tax Court of jurisdiction under 26 U.S.C. § 6015(e)(3). The Tax Court denied Mr. Smith's motion to dismiss. The case

-2-

against Mr. Smith proceeded to trial, during which Ms. Hook acknowledged the settlement.

After trial, the Tax Court issued its memorandum findings of fact and opinion and a decision against Ms. Hook and Mr. Smith imposing deficiencies, additions to tax, and penalties in the amounts to which Ms. Hook had agreed in the settlement. *See Smith v. Comm'r*, T.C. Memo. 2010-240, 2010 WL 4457709, at *7 (2010). Also in the decision, the court rejected the arguments of Ms. Hook and Mr. Smith that "the deficiencies in this case should be reduced by alleged overpayments resulting from excess collections of the earlier years' liabilities." *Id.* at *6.

Ms. Hook filed (1) a motion to vacate or revise the decision and (2) a motion for reconsideration of the decision. In both motions, she argued, as she had previously, that the Tax Court should have determined whether she was entitled to a refund or a credit against the alleged deficiencies for alleged overpayments for prior tax years. The Tax Court summarily denied the motions without comment. Ms. Hooks appealed; Mr. Smith did not.[1]

---

[1]     Federal Rule of Appellate Procedure 3(c)(2) allows a pro se appellant to sign a notice of appeal on her own behalf as well on behalf of her spouse, if the spouse was a party in the underlying action. The notice of appeal, however, clearly indicates that only Ms. Hook is appealing. *See id.* Moreover, this court will allow Mr. Smith to pursue a pro se appeal only if he first obtains this court's permission. *See Smith v. Comm'r*, 160 F. App'x 666, 668 (10th Cir. 2005) (citing *Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1232 (10th Cir. 1998)). He
(continued...)

ANALYSIS

Ms. Hook argues that the Commissioner failed to assess taxes against her and Mr. Smith within the three-year statute of limitations set forth in 26 U.S.C. § 6501(a) after their 2001 to 2005 tax returns were filed; the stipulations to deficiencies, penalties, additions to tax, and interest lacked a factual basis and were incorrect; and the Commissioner failed to present credible evidence to meet his burden of proof and production. In light of Ms. Hook's stipulated settlement, we do not address these arguments.

Taxpayers consenting to an entry of judgment waive the right to appeal, unless they can show that the court entering the judgment lacked jurisdiction to do so or that the consent was not voluntary. *See Farrell v. Comm'r*, 136 F.3d 889, 896 (2d Cir. 1998); *White v. Comm'r*, 776 F.2d 976, 977 (11th Cir. 1985) (per curiam); *Tapper v. Comm'r*, 766 F.2d 401, 403 (9th Cir. 1985) (per curiam); *see also Swift & Co. v. United States*, 276 U.S. 311, 324 (1928) (deciding that decrees based on consent will be affirmed without considering merits of case, but "[d]ecrees entered by consent have been reviewed upon appeal . . . where there was a claim of lack of actual consent to the decree as entered or of fraud in its procurement or that there was lack of federal jurisdiction because of the citizenship of the parties" (citations omitted)); *Mock v. T.G. & Y. Stores Co.*,

---

[1](...continued)
has made no effort to do so.

971 F.2d 522, 526 (10th Cir. 1992) ("It is uncontested that a party to a consent judgment is thereby deemed to waive any objections it has to matters within the scope of the judgment." (internal quotation marks omitted)).

Neither exception to appellate waiver applies here. Ms. Hook does not argue that her consent was not voluntary. She argues, without further elaboration, however, that the suit for refund filed by Mr. Smith in the United States Court of Federal Claims divested the Tax Court of jurisdiction under § 6015(e)(3). But we agree with the Tax Court that it did not lose "jurisdiction obtained as a result of a petition filed in response to a notice of deficiency." *See Smith*, 2010 WL 4457709, at *7. The Court of Federal Claims could not acquire jurisdiction over the tax liabilities for the years at issue here because the Tax Court had jurisdiction over this case where a timely notice of deficiency had been sent and a timely petition for redetermination had been filed by Ms. Hooks and Mr. Smith. *See* 26 U.S.C. § 7422(e). Furthermore, 28 U.S.C. § 6512(a)(5) precluded Mr. Smith's refund suit for tax years 2001 to 2005 because no taxes had been collected for those years and there was no basis for a refund. Finally, our review of the record reveals nothing suggesting that enforcement of the stipulated decision would be manifestly unjust.

Ms. Hook next argues that the Tax Court erred in summarily denying her post-judgment motions. In her motions, Ms. Hook presented the very arguments presented to and rejected by the Tax Court. We therefore conclude that the court

-5-

did not abuse its discretion in summarily denying the motions. *See Am. Stores Co. v. Comm'r*, 170 F.3d 1267, 1270 (10th Cir. 1999)*; cf. Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (holding district court did not abuse its discretion in denying Fed. R. Civ. P. 60(b) relief when appellant had merely reargued previously addressed issues).

Finally, Ms. Hook makes several arguments on behalf of Mr. Smith:  the Commissioner failed to assess taxes against Mr. Smith within the three-year statute of limitations period, he is entitled to relief from joint and several liability on the joint income tax returns for years 2001 to 2005, and the Commissioner failed to present credible evidence to meet the Commissioner's burdens of proof and production.  Ms. Hook bears the burden of proving standing to assert arguments on Mr. Smith's behalf.  *See Wilderness Soc'y v. Kane Cnty.*, 632 F.3d 1162, 1168 (10th Cir. 2011) (en banc).  "To demonstrate standing, [she] must allege actual or threatened personal injury, fairly traceable to the [Commissioner's] unlawful conduct and likely to be redressed by a favorable decision of the court."  *Am. Atheists, Inc. v. Davenport*, 637 F.3d 1095, 1113 (10th Cir. 2010) (internal quotation marks omitted), *cert. denied*, 132 S. Ct. 12 (2011).  She must assert her "own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of [Mr. Smith]."  *Wilderness Soc'y*, 632 F.3d at 1168 (internal quotation marks omitted).  Under the circumstances of this case, where she entered into a settlement agreement, it is clear that Ms. Hook

-6-

does not have standing to appeal to protect Mr. Smith's rights. *See id.*; *Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1230 (10th Cir. 1998) (holding in case in which Mr. Smith was party that he had standing only to raise issues concerning his own interests).

Accordingly, we AFFIRM the judgment of the Tax Court. We DENY the Commissioner's motion to dismiss, Ms. Hook's motion to add Mr. Smith as an appellant, and Ms. Hook's request for sanctions against the Commissioner and his attorneys.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge