FILED
United States Court of Appeals
Tenth Circuit

October 31, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:

DAVID L. SMITH,

Appellant.

No. 11-1566
(D.C. No. 1:96-DP-4-WYD)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **BALDOCK**, Circuit Judge.

David L. Smith appeals the denial of his pro se motions filed pursuant to

Federal Rules of Civil Procedure 60(b) and 59(e) seeking reinstatement to the bar of

the United States District Court for the District of Colorado. We affirm.

I

We suspended Smith in 1993, *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993)

(per curiam), and disbarred him in 1996 for continuing to practice before this court

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

despite his suspension, *In re Smith*, 76 F.3d 335, 336 (10th Cir. 1996) (per curiam).

In reciprocal disciplinary proceedings, the federal district court disbarred him on

April 26, 1996, and the Colorado Supreme Court disbarred him on October 4, 1999,

*In re Smith*, 989 P.2d 165 (Colo. 1999) (en banc) (per curiam).  We also imposed

filing restrictions against Smith to curtail his pro se abuse of the judicial process.

In 2007, the Tenth Circuit Court of Appeals reinstated Smith to practice in this

court, *In re Smith*, No. 93-631, 2007 WL 4953041, at *1-2 (10th Cir. May 4, 2007),

which effectively vitiated the filing restrictions imposed against him, *see Smith v.*

*United States District Court*, No. 08-500, 2008 WL 540862, at *1 (10th Cir. Feb. 19,

2008) (unpublished) ("[W]e agree with Mr. Smith that his reinstatement to the bar of

the 10th Circuit Court of Appeals acts to ameliorate the restrictions.").  Based on our

reinstatement, Smith sought to be reinstated to the federal district court.  A three-

judge disciplinary panel for that court denied his request because Smith remained

disbarred by the Colorado Supreme Court and thus could not satisfy the court's local

rules requiring him to be in good standing in all courts to which he was admitted.

*See In re Smith*, No. 96-DP-4 (D. Colo. Aug. 4, 2008) (denying reinstatement).[1]

---

[1]     The district court's local rules provide:

An attorney admitted to the bar of this court must remain in good
standing in all courts where admitted.  "In good standing" means not
subject to suspension or disbarment by any court for any reason.  An
attorney who is not in good standing shall not practice before the bar of
this court or continue to be an attorney of record in any pending case.
On notice to this court of lack of good standing from the suspending or

(continued)

Smith moved the district court to alter or amend its judgment, but the court denied his request on the same grounds, *id.* (order filed Sept. 18, 2008), as well as his subsequent petition for relief from the rule of good standing, *id.* (order filed Feb. 20, 2009). We affirmed the district court's rulings. *In re Smith*, 329 F. App'x 805, 806 (10th Cir. 2009). Smith then returned to the district court and filed another application for reinstatement and petition for relief from the rule of good standing, which the court denied on December 14, 2010. The court also denied Smith's subsequent motion to alter or amend that judgment.

After all this, Smith filed the two motions that are the subject of this appeal. First, invoking Rule 60(b), Smith moved the district court to vacate its original 1996 disbarment order, as well as its December 14, 2010 order denying him reinstatement and relief from the rule of good standing. Aplt. App. at 65-72. He argued that under Rule 60(b)(4), the district court's orders were void because they were predicated on our original disbarment order, which had been entered without an evidentiary hearing. He also argued under Rule 60(b)(5) that it was inequitable to prospectively apply the district court's orders following his reinstatement in this court. Lastly, Smith cited the catch-all provision of Rule 60(b)(6), which allows for relief for any other justifiable reason. Rejecting all of these arguments, the district court denied the

---

disbarring jurisdiction, or otherwise, the clerk of this court shall make a notation in the court record of such lack of good standing.

D.C.Colo.L.Civ.R. 83.3E and D.C.Colo.L.Cr.R. 57.5E

motion, noting the court's right to establish its own standards for admission and Smith's continued disbarment by the Colorado Supreme Court, which prevented him from meeting those standards. *See id.* at 78-79 (order filed Aug. 11, 2011).

Smith then filed a motion pursuant to Rule 59(e), asking once again that the district court alter or amend its judgment, this time from the denial of Rule 60(b) relief. *See id.* at 81-87. Smith insisted the disbarment orders entered by this court, the district court, and the Colorado Supreme Court were all "null and void *ab initio*" because he had been denied an evidentiary hearing. *Id.* at 84. And he asserted that this denial of due process obligated the district court to hold an evidentiary hearing on his Rule 60(b) motion. The district court denied the motion, ruling that Smith's "[r]eadmission remains absolutely foreclosed by operation of the Rule of Good Standing, which requires that Mr. Smith be in good standing in all jurisdictions and courts in which he is admitted. . . . Since Mr. Smith remains disbarred by the Colorado Supreme Court, his applications for readmission were denied by simple, indiscriminate operation of the District Court's Local Rules. *Id.* at 88-89 (order filed Nov. 18, 2011). The court concluded by noting that Smith simply sought another "bite at the apple." *Id.* at 89. Smith now appeals the district court's orders denying relief under Rules 60(b) and 59(e).

## II

Ordinarily, we review district court orders denying relief under Rules 60(b) and 59(e) for an abuse of discretion. *See Lundahl v. Zimmer*, 296 F.3d 936, 940

(10th Cir. 2002). We similarly review for an abuse of discretion district court orders denying reinstatement, although we exercise plenary review over any attending legal issues. *See*, *e.g., In re Martin*, 400 F.3d 836, 841 (10th Cir. 2005).

Here, however, Smith's appeal is foreclosed by the law-of-the-case doctrine, which provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). Smith challenges the district court's disbarment and denial of reinstatement on the ground that he was denied an evidentiary hearing. But as Smith well knows, this argument has been considered and rejected. Indeed, we denied Smith's request for an evidentiary hearing in his original disbarment proceedings, *see Smith*, 76 F.3d at 336, and we subsequently held that he "was not entitled to an evidentiary hearing" prior to the district court's disbarment, *In re Smith*, Nos. 96-1254 & 96-1256, slip op. at 4 (10th Cir. May 16, 1997). We decline to revisit this issue.

Smith's second argument is equally meritless. He maintains it is inequitable to prospectively apply the district court's disbarment order following his reinstatement by this court. But Smith ignores the district court's independent authority to regulate and discipline the members of its own bar. *See Mattox v. Disciplinary Panel of U.S. Dist. Ct. for Dist. of Colo.*, 758 F.2d 1362, 1364 (10th Cir. 1985) (holding that a "federal district court has a right to establish its own standards for admission to

practice"). Smith's argument that our reinstatement order somehow "superseded or rendered moot," Aplt. Br. at 12, the district court's disbarment order is untenable.

Smith's third argument also fails. He claims the district court should have conducted "an intrinsic consideration of the state record" to ensure the propriety of its reciprocal disbarment order. *See id.* (internal quotation marks omitted). Yet because the district court's disbarment order was predicated on ours, Smith is effectively challenging the district court's disbarment on the same due process grounds that he rehashed in his first argument—the denial of an evidentiary hearing. And as we already explained, that argument has been rejected.

Finally, Smith contends that his Rule 60(b) motion should not have been denied on law-of-the-case principles because the issues he raised had not been previously decided. This argument is wrong. Again, the Rule 60(b) motion claimed that Smith had been denied an evidentiary hearing and the district court should have reinstated him in light of our reinstatement order. These arguments have been rejected. The district court has the authority to deny reinstatement until Smith satisfies the rule of good standing. *See Mattox*, 758 F.2d at 1364.

## III

The judgment of the district court is AFFIRMED. Given the frivolous nature of this appeal, Smith's motion to proceed in forma pauperis ("IFP") is DENIED. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (holding that to obtain IFP status, "an appellant must show a financial inability to pay the required filing

- 6 -

fees *and* the existence of a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal" (emphasis added)). Smith is directed to pay the entire filing fee immediately. We cautioned Smith, when we clarified that he was no longer subject to filing restrictions, "that pursuit of frivolous arguments or issues will put his status as a member of the bar at risk and may lead to reinstatement of the filing restrictions." *Smith*, No. 08-500, 2008 WL 540862, at *1. Smith has since been admonished by our disciplinary panel that "any future instances of misconduct, including the filing of any more frivolous pleadings, will be dealt with harshly." *In re Smith*, No. 08-822, slip op. at 4 (10th Cir. Sept. 16, 2008). We are not inclined to warn Smith again.

Entered for the Court


Bobby R. Baldock
Circuit Judge