**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 19, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LNV CORPORATION,

     Plaintiff,

v.

M. JULIA HOOK,

     Defendant - Appellant,

and

UNITED STATES OF AMERICA,

     Defendant - Appellee,

and

PRUDENTIAL HOME MORTAGAGE
COMPANY, INC.; SAINT LUKES
LOFTS HOMEOWNER ASSOCIATION,
INC.; DEBRA JOHNSON, in her official
capacity as the Public Trustee of the City
and County of Denver, Colorado; DAVID
L. SMITH,

     Defendants.

No. 14-1438
(D.C. No. 1:14-CV-00955-RM-CBS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It

(continued)

_____

Before **HOLMES**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

M. Julia Hook, an attorney appearing pro se, appeals from the district court's

order denying her emergency motion for a temporary restraining order and/or a

preliminary injunction, and her accompanying request for an evidentiary hearing.

Exercising jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), we affirm.

## BACKGROUND

LNV Corporation brought an action against Ms. Hook in state court seeking to

foreclose a deed of trust on one piece of real property she owned. In addition to

Ms. Hook, LNV named as defendants a number of other parties, including the

Internal Revenue Service, which potentially held interests in the property, and

requested the court to determine the priorities of those interests. The United States

(on the IRS's behalf) removed the action to federal district court and asserted a claim

asking the district court to consider its tax liens against the property when

determining the priority of all liens, and to distribute any proceeds of the foreclosure

sale in accordance with those relative priorities.

Ms. Hook filed crossclaims (denominated as counterclaims) against the United

States and incorporated by reference an amended complaint with attachments that she

_____

may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

2

and her husband, David L. Smith,[1] had previously filed in *Hook v. United States*, No. 13-cv-01156-RM-KLM (D. Colo. filed May 1, 2013), an action we shall refer to as the "Hook/Smith Action."[2]  She sought to quiet title to four pieces of real property (including the subject property of LNV's complaint) that she and/or Mr. Smith (although he was not yet a party to the action) owned and upon which the IRS had placed liens.  She also asked for other relief, including a credit or refund of $993,532 (plus any future increases due to allegedly improper levies on her and Mr. Smith's social security benefits payments) for payment or overpayment of federal income taxes, penalties, and interest for tax years 1992-1996 and 2001-2008; abatement of penalties for those tax years; actual damages; the release of all federal tax liens; the return of all levied or seized property; the release of continuing levies on her and Mr. Smith's social security payments; and

> a declaration that the orders, opinions and judgments of the United States Tax Court, the United States Bankruptcy Court for the District of Colorado, and the United States Court of Federal Claims were null and void *ab initio* because of numerous violations of Hook's and Smith's constitutional and statutory rights to due process of law.

Aplt. App. at 21.

---

[1] Like his wife, Mr. Smith is an attorney, but he is currently disbarred from practice by the Colorado Supreme Court and from practicing before the United States District Court for the District of Colorado.  This court also disbarred him from practice before this court, but we have since reinstated him.  *See In re Smith*, 500 F. App'x 786, 787 (10th Cir. 2012) (setting out Mr. Smith's disbarment history).

[2] The district court dismissed the Hook/Smith Action, and in a case filed contemporaneously with this one, we have affirmed that dismissal.  *See Hook v. United States*, No. 15-1022 (10th Cir. Aug. 19, 2015).

3

On July 30, 2014, Ms. Hook filed an emergency motion for a temporary restraining order and/or a preliminary injunction (Motion) accompanied by a request for an evidentiary hearing. As with her complaint, she incorporated by reference a number of documents from the Hook/Smith Action. She contended that since 2007, the IRS had been taking all of Mr. Smith's social security payments, and that on July 3, 2014, the IRS began taking 56.4% of her own social security payments, all in violation of the 15% rule set forth in 26 U.S.C. § 6331(h)(1). She asked the court to enjoin those levies, pointing out that the combined effect of all the IRS's levies (on real and personal property in addition to the benefits payments) had reduced her and Mr. Smith to "abject poverty," Aplt. App. at 182. She also asserted that she and her husband, at ages 68 and 70, respectively, had no income source other than their benefits payments, and the levies left them with only $645 a month to live on. Ms. Hook further requested most of the other relief she asked for in her crossclaim against the United States.

The district court denied the Motion. The court reasoned that Ms. Hook failed to establish two of the four factors necessary to obtain preliminary injunctive relief—that she was likely to succeed on the merits of her claims and that she was likely to sustain irreparable harm if the motion was not granted. *See Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1128 (10th Cir. 2013) (en banc) (setting forth factors for preliminary injunctive relief).[3] In the alternative, the court concluded that Ms. Hook

---

[3] The other two factors are whether "the harm alleged by the movant outweighs any harm to the non-moving party" and whether "an injunction is in the public interest." *Hobby Lobby Stores, Inc.*, 723 F.3d at 1128.

4

failed to show that her claims were not barred by the Anti-Injunction Act (AIA), 26 U.S.C. § 7421(a).

## DISCUSSION

### A. District court jurisdiction over the United States' claim

We first must address Ms. Hook's challenge to the district court's jurisdiction over the United States' claim. She did not present this challenge to the district court, but we must consider whether jurisdiction was lacking even when the issue is raised for the first time on appeal. *See Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992). The government responds that jurisdiction was proper under 26 U.S.C. §§ 7402 and 7403. In reply, Ms. Hook does not challenge the broad grant of jurisdiction under § 7402,[4] but she argues that the government failed to comply with certain requirements of § 7403, namely, (1) to allege that the Attorney General or his delegate, at the request of the Secretary of the Treasury, had directed the filing of the claim, as set forth in § 7403(a); (2) to join Mr. Smith, as required by § 7403(b),

---

[4] Section 7402(a) provides:

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of *ne exeat republica*, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

5

because he is a co-owner; and (3) to allege that the government sought an "adjudication and decree" (the title of § 7403(c)) rather than judicial foreclosure.

We disagree that § 7403 is jurisdictional. Ms. Hook has provided no authority for her position, and § 7403 does not mention jurisdiction or otherwise provide "any clear indication that Congress wanted the rule to be jurisdictional," *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 436 (2011) (internal quotation marks omitted). What scant authority we have uncovered suggests that these provisions are procedural components of a cause of action rather than jurisdictional requirements. *See, e.g.*, *United States v. Offiler*, 336 F. App'x 907, 908 (11th Cir. 2009) (per curiam) (characterizing § 7402(a) as "granting the district courts jurisdiction over civil actions brought pursuant to § 7403"); *United States v. Rosenberg*, No. 88-30-CIV-ATKINS, 1988 WL 142154, at *1 (S.D. Fla. Aug. 4, 1988) (unpublished) (concluding that § 7403(b) is a "procedural device" and not jurisdictional); *cf. United States v. Raymond*, 228 F.3d 804, 809 (7th Cir. 2000) (concluding that analogous provision of § 7408, providing a cause of action for injunctive relief "at the request of the Secretary," is "procedural and not jurisdictional"), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013); *Palmer v. United States Internal Revenue Service*, 116 F.3d 1309, 1311 (9th Cir. 1997) (characterizing the provisions of § 7403 as "procedural requirements" but concluding that the district court properly found the IRS complied with them and that the district "court had jurisdiction over the government's claims"). Further, the title of § 7403, "Action to enforce lien or to subject property to

6

payment of tax," supports the notion that the statute concerns a cause of action, not jurisdiction. For these reasons, we conclude that § 7403 is not jurisdictional, and any failure to comply with its provisions did not deprive the district court of jurisdiction under § 7402(a).

### B. Merits of appeal

"We review the denial of a preliminary injunction for abuse of discretion." *Hobby Lobby Stores, Inc.*, 723 F.3d at 1128. A district court abuses its discretion when it commits an error of law or relies on clearly erroneous factual findings. *Wyandotte Nation v. Sebelius*, 443 F.3d 1247, 1252 (10th Cir. 2006). Because Ms. Hook is an attorney proceeding pro se, we do not afford her filings the liberal construction ordinarily given to pro se pleadings. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

With one exception, discussed below, we affirm the district court's denial of the Motion because Ms. Hook failed to show that her claims were not barred by the AIA. The AIA provides that, subject to specific statutory exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The AIA's prohibition is jurisdictional. *See Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5 (1962) (explaining that the purpose of the AIA "is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes").

7

Ms. Hook first contends that her crossclaim against the United States does not fall within the AIA's ambit because she alleged that the IRS had already collected all the taxes she and Mr. Smith owed for the tax years at issue. She therefore posits that she does not seek to prohibit any assessment or collection of taxes but instead wants a refund. This argument is based on an accounting she gave in her amended complaint in the Hook/Smith Action. In that action, the government disputed the accounting, pointing out that Ms. Hook and Mr. Smith failed to consider substantial statutory interest that remained unpaid and that a large portion of the payment Ms. Hook allegedly had made was in the form of two pieces of real property the IRS seized and sold for substantially less than the appraised value after Ms. Hook had defaulted on her payment plan in her Chapter 11 bankruptcy case. Ms. Hook insisted (and insists here) that the appraised value should be used in determining how much the sale of those properties reduced her tax liability even though a district court had affirmed a bankruptcy court ruling that only the actual proceeds the IRS retained from the sales would go toward Ms. Hook's liabilities.

We disagree. We affirmed the district court's rejection of Ms. Hook's accounting in our disposition of her appeal in the Hook/Smith Action, determining that she had not adequately disputed the accuracy of the government's accounting for tax years 1992-1996 and 2001-2005, which showed substantial interest and penalties she had omitted from her own accounting. *See Hook v. United States*, No. 15-1022,

8

slip op. at 11 (10th Cir. Aug. 19, 2015).[5]  And in the bankruptcy proceeding, the

district court affirmed a bankruptcy court ruling that Ms. Hook was entitled to an

offset or credit only in the amount of the actual net proceeds from the IRS's sale of

the real property it sold after her default on her Chapter 11 plan, not the greater

appraised value.  *See Hook v. IRS (In re Hook)*, 469 B.R. 62, 66-67 (D. Colo. 2011).

Although Ms. Hook does not appear to take issue with her tax liabilities for tax years

2006-2008, her apparent contention is that they have already been paid due to prior,

alleged overpayments.  But that contention is based on the errors in her accounting.

Accordingly, we reject her argument that the AIA does not apply to her crossclaim.

We also reject her argument that the collection of any penalties (or the interest

on those penalties) she sought to enjoin are not taxes for AIA purposes.  In support,

she relies on *National Federation of Independent Business v. Sebelius*, 132 S. Ct.

2566 (2012) (*NFIB*), claiming it stands for the broad proposition that "a penalty is

not a tax for [AIA] purposes."  Aplt. Opening Br. at 19.  But in relevant part, the

*NFIB* Court concluded only that the AIA did not bar review of the Affordable Care

---

[5] Her liabilities for those years has been judicially determined, to wit:
Ms. Hook and Mr. Smith filed a petition for a redetermination of their joint and
several tax liabilities for tax years 1992-1996.  The Tax Court dismissed their case
for failure to prosecute and entered decisions for the government.  *See Smith v.
Comm'r*, 86 T.C.M. (CCH) 362 (2003).  We affirmed.  *See Hook v. Comm'r*,
103 F. App'x 661, 662 (10th Cir. 2004).  Ms. Hook and Mr. Smith also filed a
redetermination petition for tax years 2001-2005.  Ms. Hook entered into a
stipulation in open court regarding her deficiencies, and the Tax Court determined
Mr. Smith's liabilities after a trial.  *See Smith v. Comm'r*, 100 T.C.M. (CCH) 381
(2010).  Ms. Hook appealed, and we affirmed.  *See Smith v. Comm'r*, 458 F. App'x
714, 715 (10th Cir. 2012).

Act's "shared responsibility payment" because Congress had labeled that payment a penalty, not a tax. *NFIB*, 132 S. Ct. at 2582-84 (brackets omitted). The Court went on to point out that in the Internal Revenue Code—and in contrast to the Affordable Care Act—Congress had elected to treat penalties as taxes, and that the AIA applied to those penalties:

> Congress can, of course, describe something as a penalty but direct that it nonetheless be treated as a tax for purposes of the Anti–Injunction Act. For example, 26 U.S.C. § 6671(a) provides that "any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by" subchapter 68B of the Internal Revenue Code. Penalties in subchapter 68B are thus treated as taxes under Title 26, which includes the Anti–Injunction Act.

*Id.* at 2583. Hence, we conclude that *NFIB* does not support Ms. Hook's argument, which we reject.

In the alternative, Ms. Hook suggests that two of the statutory exceptions to the AIA apply, 26 U.S.C. §§ 6213(a) and 6330(e)(1).[6] But she did not raise these exceptions in the district court despite the fact that the government asserted, in its response to the Motion, that no statutory exception applied. Furthermore, the district court did not address any statutory exceptions to the AIA. We therefore decline to consider these belatedly raised arguments, which involve mixed questions of law and

---

[6] Section 6213(a) permits courts to enjoin assessment or collection of tax deficiencies if (1) the taxpayer has not received a notice of deficiency or (2) where the taxpayer has filed a petition with the Tax Court to redetermine the alleged deficiency, until the Tax Court's decision is final. Section 6330(e)(1) permits courts to enjoin levy proceedings during the pendency of a collection due-process hearing regarding the propriety of the subject levy; the statute mandates that levies be suspended during this period.

10

fact. *See Daigle*, 972 F.2d at 1539-40 (explaining that we have discretion, but no duty, to consider "untimely raised legal theories" in support of jurisdiction, and recognizing that we are most likely to depart from that rule "when we are presented with a strictly legal question the proper resolution of which is beyond doubt or when manifest injustice would otherwise result").

Ms. Hook also takes issue with the district court's conclusion that she had not shown that either of two judicial exceptions to the AIA applies. Under the first exception, the AIA is inapplicable "where . . . Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax." *South Carolina v. Regan*, 465 U.S. 367, 373 (1984). Ms. Hook has not shown she lacks an alternative remedy to the injunctive relief she sought in her Motion. Indeed, she already challenged her liabilities for tax years 1992-1996 and 2001-2005, and as stated, it appears her only contention regarding tax years 2006-2008 is that she is due a refund because of prior overpayments.

The second judicial exception to the AIA provides that the AIA does not apply "if it is clear that under no circumstances could the Government ultimately prevail" and "if equity jurisdiction otherwise exists." *Williams Packing & Nav. Co.*, 370 U.S. at 7. Ms. Hook has not established that there are no circumstances under which the government could prevail. To the contrary, her history of unsuccessful challenges to her tax liabilities, coupled with our contemporaneous affirmance of the dismissal of the Hook/Smith Action on which her claims in this suit largely depended, *see* note 2,

11

*supra*, inform our conclusion that she cannot make the requisite showing under *Williams Packing*.

The one exception to our AIA analysis previously alluded to concerns Ms. Hook's request for a preliminary injunction against the government's 56.4% levy on her social security payments because it exceeds a 15% limit set forth in 26 U.S.C. § 6331(h). The district court ruled that the underlying crossclaim involved whether the levy on Mr. Smith's social security payments violated the 15% rule, that he was not a party to the action at the time Ms. Hook filed her Motion, and that he had since become a party but had not yet entered an appearance. The court therefore reasoned Ms. Hook could not establish that the court should grant relief to Mr. Smith and that she could not show a likelihood of success on a claim not raised (her request for injunctive relief concerning the size of the government's levy on her own benefits payments). Ms. Hook has not presented any cogent argument that this analysis was in error, and we agree with the district court's conclusions.

Finally, Ms. Hook advances the conclusory argument that the district court erred in denying her an evidentiary hearing on her Motion, and she questions the district judge's fairness and impartiality because he allegedly ignored documents attached to her motion. But Ms. Hook has not identified any specific evidence she would have introduced at a hearing, and we see no error in the district judge's consideration of her motion or the documents attached to it and no evidence of bias or unfairness. We therefore disagree with Ms. Hook on both points.

**CONCLUSION**

The district court's order denying Ms. Hook's motion for a temporary restraining order and a preliminary injunction is affirmed. Ms. Hook's motion to proceed on appeal without prepayment of costs or fees is granted, and we remind her of her obligation to continue making partial payments until her entire appellate filing fee has been paid in full.

Entered for the Court


Jerome A. Holmes
Circuit Judge