**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 19, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

M. JULIA HOOK,

     Plaintiff - Appellant,

and

DAVID L. SMITH,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant - Appellee.

No. 15-1022
(D.C. No. 1:13-CV-01156-RM-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

     M. Julia Hook appeals the district court's dismissal of an action she and her

husband, David L. Smith, brought to challenge their federal income tax liabilities.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

     [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Ms. Hook and Mr. Smith are both attorneys, although the Colorado Supreme Court has disbarred Mr. Smith, and he is also disbarred from practicing before the United States District Court for the District of Colorado.[1] They have been litigating their federal income tax liabilities for the last fifteen years in various courts, including this one.[2]

In the instant action, plaintiffs sought a credit or refund of nearly $1 million (plus any future increases in their tax liability due to allegedly improper levies on Mr. Smith's social security benefits payments) for payment or overpayment of federal income taxes, penalties, and interest for tax years 1992-1996 and 2001-2006. They also requested an abatement of penalties for those tax years; actual damages; the release of all federal tax liens; the return of all levied or seized property; the release of continuing levies on Mr. Smith's social security payments; an order quieting title to all their real and personal property; interest, costs, and attorney's fees; and any other just relief.

The United States moved to dismiss the action for lack of jurisdiction and failure to state a claim upon which relief can be granted under Rules 12(b)(1) and

---

[1] This court also disbarred Mr. Smith from practice before this court, but we have since reinstated him. *See In re Smith*, 500 F. App'x 786, 787 (10th Cir. 2012) (setting out Mr. Smith's disbarment history).

[2] The district court recounted a number plaintiffs' litigation efforts regarding their federal income tax liabilities. *See* Aplt. App. at 449 n.1. We will not repeat that history in detail here.

12(b)(6) of the Federal Rules of Civil Procedure.  Chief District Judge Marcia S. Krieger granted the motion with leave to file an amended complaint to cure various pleading deficiencies, including the failure to sufficiently allege plaintiffs had fully paid or overpaid their taxes for any of the tax years at issue and the failure to identify when returns were actually filed or when assessments were made.

Plaintiffs filed a verified amended complaint, setting forth a detailed summary of their income tax liabilities, as determined by the Tax Court, for all the tax years in question except 2006,[3] and their payments, which were made through IRS levies or by Ms. Hook, under protest, pursuant to Bankruptcy Court orders or plans.  Their summary was qualified by a statement that they did "not concede that they owe[d] either the original tax liabilities or the Additions to Tax for the years 1992-1996 and 2001-2005" on the ground that "the opinions and judgments of the Tax Court for [those] years were null and void *ab initio* because of constitutional and statutory due process violations."  Aplt. App. at 36 n.1.  Hence, in addition to the relief they requested in their original complaint, Plaintiffs sought

> a declaration that the orders, opinions and judgments of the United States Tax Court, the United States Bankruptcy Court for the District of Colorado, and the United States Court of Federal Claims were null and void *ab initio* because of numerous violations of Smith's and Hook's constitutional and statutory rights to due process of law[.]

---

[3] Apparently, plaintiffs did not take issue with the amount of their 2006 tax liability, but they claimed it had already been paid due to prior, alleged overpayments.

*Id.* at 90.  Plaintiffs also outlined their efforts to exhaust administrative remedies regarding the release of IRS liens and to obtain a refund of, or credit for, their alleged overpayment.  And they added a request for a release of the continuing levies on Ms. Hook's social security benefits payments.

After plaintiffs filed their amended complaint, Chief Judge Krieger recused herself because she was part of the district court's Committee on Conduct that was considering Mr. Smith's application for readmission to the district court's bar. Plaintiffs' case was eventually reassigned to Judge Raymond P. Moore.

The United States filed another Rule 12(b) motion to dismiss for lack of jurisdiction and failure to state a claim.  A magistrate judge recommended that the motion be granted and the amended complaint dismissed without prejudice.  Plaintiffs objected to the recommendation, but the district court overruled the objections and granted the motion.  Among other things, the court agreed with the government that plaintiffs' accounting of their tax liabilities and payments was faulty because it omitted penalties and interest, as set out in declarations attached to the government's first and second motions to dismiss.  The court noted that although the government had conceded that plaintiffs had paid their tax liabilities for tax years 1992-1994, they had not *overpaid* for those years, and they still owed a considerable amount for tax years 1995-1996 and 2001-2005, as determined by the Tax Court, and for 2006.  As to plaintiffs' specific claims, the court ruled that

4

(1) 26 U.S.C. § 6512 barred jurisdiction over plaintiffs' claims contesting their tax liabilities for tax years 1992-1996 and 2001-2005 because plaintiffs had already adjudicated those liabilities to a final decision in the Tax Court;

(2) the court lacked subject matter jurisdiction over plaintiffs' request for a refund because they had not first paid in full, let alone overpaid, all of their outstanding tax liabilities, as required by *Flora v. United States*, 362 U.S. 145, 150-51 (1960), and its progeny;

(3) plaintiffs' claims for return and release of levied property (a) failed for lack of jurisdiction and failure to state a claim because they failed to show the liabilities for which the levies were made had been satisfied, as required under 26 U.S.C. § 6343(a); and (b) were barred by the Tax Anti-Injunction Act, 26 U.S.C. § 7421;

(4) plaintiffs failed to state a claim for release of IRS tax liens because they did not exhaust their administrative remedies; and

(5) plaintiffs' quiet title claim failed because it was wholly dependent on their other claims.

Only Ms. Hook has appealed.

## DISCUSSION

Because Ms. Hook is an attorney proceeding pro se, we do not afford her filings the liberal construction ordinarily given to pro se pleadings. *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). We review de novo the district court's Rule 12(b)(1) and 12(b)(6) dismissal of plaintiffs' amended complaint. *See Colo.*

5

*Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). None of Ms. Hook's arguments persuade us that the dismissal was in error.

### A. Law of the case

Ms. Hook takes issue with the magistrate judge's and Judge Moore's refusal to follow what she claims was law of the case with regard to subject matter jurisdiction. Under 28 U.S.C. § 1346(a)(1), the Court of Federal Claims and the district courts have concurrent jurisdiction over civil actions "against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." In Chief Judge Krieger's order dismissing the original complaint with leave to amend, she stated that "[i]t appears from the Complaint that the majority of the claims asserted are the type that falls within [§ 1346(a)(1)]." Aplt. App. at 25. Judge Moore determined that the amended complaint and the government's motion to dismiss it set forth substantial new evidence, and therefore the "new evidence" exception to the law-of-the-case doctrine applied. *See Bishop v. Smith*, 760 F.3d 1070, 1082, 1086 (10th Cir.) (stating that a court's ruling on a legal issue "should govern the same issues in subsequent stages in the same case" subject to narrow exceptions, including the emergence of "new evidence"), *cert. denied*, 135 S. Ct. 271 (2014).

We conclude that, because Chief Judge Krieger's jurisdictional ruling was interlocutory, the law-of-the-case doctrine is not applicable to it, and therefore Judge

Moore was not bound by it. "[D]istrict courts generally remain free to reconsider their earlier interlocutory orders," and the law-of-the-case-doctrine does not apply "to rulings revisited prior to entry of a final judgment." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) (internal quotation marks omitted). This is so "even when a case is reassigned from one judge to another in the same court . . . so long as prejudice does not ensue to the party seeking the benefit of the doctrine." *Id.* "The relevant prejudice is limited to lack of sufficient notice that one judge is revisiting the decision of a prior judge and the opportunity to be heard with respect to the new ruling." *Id.*

Chief Judge Krieger's statement regarding § 1346(a)(1) was not only interlocutory, it was qualified—she concluded that although the original complaint sufficiently showed a waiver of the United States' sovereign immunity under that statute, it did "not end the Court's jurisdictional inquiry" because the statute "does not waive any other jurisdictional requirements that are specific to the claims asserted." Aplt. App. at 25. Chief Judge Krieger permitted amendment of the complaint to address alleged jurisdictional defects in plaintiffs' particular claims. That is precisely what plaintiffs attempted to do in their amended complaint. After the case was reassigned to Judge Moore, the government moved to dismiss it for lack of jurisdiction, thereby giving Ms. Hook sufficient notice that Judge Moore would be revisiting the issue and an opportunity to be heard on that issue. Accordingly, the law-of-the-case doctrine did not foreclose the magistrate judge or Judge Moore from

7

analyzing whether § 1346(a)(1) provided the court with subject matter jurisdiction over the claims asserted in the amended complaint.

## B. The Tibbs declaration

In support of its motion to dismiss the amended complaint, the government submitted the declaration of an IRS Insolvency Advisor, Yvonne M. Tibbs. Ms. Tibbs summarized plaintiffs' lengthy litigation history regarding their tax liabilities, compared the accounting in their amended complaint with IRS records, and stated that although plaintiffs had paid $662,476.45, they jointly and severally still owed over $700,000 each. Attached to Ms. Tibbs's declaration were printouts from the IRS's Integrated Data Retrieval System that summarized plaintiffs' liabilities and payments.

Ms. Hook contends that, because the court refused to exclude Ms. Tibbs's declaration, it should have converted the government's Rule 12(b) motion to dismiss into a Rule 56 motion for summary judgment, which would have required the court to give the parties "a reasonable opportunity to present all the material . . . pertinent to the motion," Fed. R. Civ. P. 12(d). This argument is devoid of merit. As the district court explained, the government attacked the factual basis of the court's subject matter jurisdiction, and in that scenario, courts enjoy "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts" without converting the Rule 12(b)(1) motion into a Rule 56 motion. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (internal quotation marks omitted).

8

Nor is there any merit in Ms. Hook's related argument that the court erred in denying discovery. The district court pointed to the magistrate judge's findings that the parties had already submitted a large volume of exhibits and that "Plaintiffs failed to identify any specific discovery necessary to the determination of the merits of Defendant's jurisdictional arguments." Aplt. App. at 458. On appeal, Ms. Hook points to discovery requests she would have submitted if allowed to do so, but the requests broadly sought all documents and electronically stored information that the government would rely on to defend the action. She appears to argue that the government should have been required to produce all the documentation underlying the summaries attached to the Tibbs declaration. But Ms. Hook offers no specific challenge to the accuracy of the summaries other than to point to competing statements in the amended complaint, which, as we will soon discuss, were insufficient to forestall dismissal. In sum, we see no abuse of discretion in the district court's refusal to grant discovery before ruling on the motion to dismiss the amended complaint. *See Garcia v. Tyson Foods, Inc.*, 770 F.3d 1300, 1309 (10th Cir. 2014) ("We review the district court's discovery decisions for abuse of discretion and will reverse only if [the complaining party] makes a clear showing that the denial of discovery resulted in actual and substantial prejudice." (footnote and internal quotation marks omitted)).

**C. Claims under 26 U.S.C. §§ 6512, 6343**

Ms. Hook takes issue with the district court's conclusion that 26 U.S.C. § 6512(a) precluded plaintiffs from contesting the Tax Court's determination of their

9

liabilities for tax years 1992-1996 and 2001-2005.[4] "Under [§ 6512(a)], filing a

petition to the Tax Court to challenge an asserted deficiency bars the taxpayer from

bringing a suit in any other court for the recovery of any part of the tax for that

taxable year." *Koss v. United States*, 69 F.3d 705, 708 (3d Cir. 1995).[5] Ms. Hook's

sole argument is that the Tax Court proceedings were constitutionally flawed and the

government failed to meet its burden of proof in those cases. But neither of these

circumstances are among the six exceptions to the statutory bar enumerated in

§ 6512(a).[6]

---

[4] Two Tax Court determinations are involved, both of which we affirmed.
*See Smith v. Comm'r*, 100 T.C.M. (CCH) 381 (2010), *aff'd*, 458 F. App'x 714
(10th Cir. 2012); *Smith v. Comm'r*, 86 T.C.M. (CCH) 362 (2003), *aff'd sub nom.
Hook v. Comm'r*, 103 F. App'x 661 (10th Cir. 2004).

[5] In relevant part, § 6512(a) provides:

> **Effect of petition to Tax Court.**—If the Secretary has mailed to the
> taxpayer a notice of deficiency under section 6212(a) (relating to
> deficiencies of income, estate, gift, and certain excise taxes) and if the
> taxpayer files a petition with the Tax Court within the time prescribed in
> section 6213(a) . . . , no credit or refund of income tax for the same taxable
> year . . . in respect of which the Secretary has determined the deficiency
> shall be allowed or made and no suit by the taxpayer for the recovery of any
> part of the tax shall be instituted in any court . . . .

[6] Because the district court lacked jurisdiction over the claim contesting their
tax liabilities for 1992-1996 and 2001-2005, we have no occasion to reach
Ms. Hook's rather conclusory arguments that the Tax Court's judgments are void for
lack of jurisdiction and due process violations, or because the government
perpetrated a fraud on that court. Nor must we consider her argument that the district
court erred in declining to sort out the merits of her contention that she was entitled
to a credit or offset in the full amount of the appraised value (approximately
$580,000) of two pieces of real property she released to the IRS when she defaulted
on her Chapter 11 bankruptcy plan rather than the actual net proceeds to the IRS,

(continued)

10

Ms. Hook also asserts that, for purposes of her refund claim, the amended complaint complied with the "full payment rule" because it showed that plaintiffs had overpaid their tax liabilities for all the tax years at issue. *See* 26 U.S.C. § 6512(a)(2) (creating an exception to the general prohibition on proceeding outside of the Tax Court for "any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final"); *Magnone v. United States*, 902 F.2d 192, 193 (2d Cir. 1990) (per curiam) (stating that "the full payment rule requires as a prerequisite for federal court jurisdiction over a tax refund suit, that the taxpayer make full payment of the assessment, including penalties and interest") (*citing Flora v. United States*, 357 U.S. 63 (1958), *aff'd on reh'g*, 362 U.S. 145 (1960)). But her contention that the amended complaint shows all amounts were paid, including interest and penalties, is conclusory. And she fails to identify any error in the district court's determination that Ms. Tibbs's declaration and supporting exhibits established that the accounting in the amended complaint was faulty in omitting substantial statutory interest and penalties, both of which are treated as taxes under the Internal Revenue Code. *See* 26 U.S.C. § 6601(e)(1) (interest is treated "in same manner as taxes" for assessment and collection purposes); *id.* § 6671 (same with respect to penalties); *Magnone*, 902 F.2d at 193 (same with respect to interest and penalties); *Engh v. United States*, 658 F. Supp. 698, 701 (N.D. Ill. 1987) (interest is part of the amount "'computed in accordance with'" a final Tax Court decision for

which were substantially less than the appraised value and allegedly below market value. *See Hook v. IRS (In re Hook)*, 469 B.R. 62, 66-67 (D. Colo. 2011).

11

§ 6512(a)(2) purposes (internal quotation marks omitted)). Because Ms. Hook does not explain how the amended complaint accounts for interest and penalties (and it is not obvious from the amended complaint, which lists only the original tax liabilities as determined by the Tax Court), we reject the notion that there was a material jurisdictional-fact issue in dispute with regard to the refund claim.

Further, the fact that plaintiffs failed to show that the tax liabilities were paid forecloses Ms. Hook's challenge to the district court dismissal of the claim for release of levies and return of levied property. The district court correctly held that plaintiffs failed to meet the relevant requirement for a successful release-of-levy claim—satisfaction of the underlying liability. *See* 26 U.S.C. § 6343(a)(1)(A) (stating that the government shall release a levy "if . . . the liability for which such levy was made is satisfied or becomes unenforceable by reason of lapse of time").[7]

---

[7] The court alternatively ruled that the levy-release claim was barred by the Tax Anti-Injunction Act (TAIA), 26 U.S.C. § 7421(a). Ms. Hook does not directly challenge that ruling but takes issue with the court's statement (made in deciding that a judicial exception to the TAIA did not apply) that "the harm of which Plaintiffs complain – the loss of income – appears to be self-inflicted as it results from Plaintiffs' failure to pay their tax liabilities, liabilities which they have repeatedly challenged and lost and for which they have not shown have been overpaid." Aplt. App. at 463-64. Ms. Hook claims the statement shows that the court "pre-judged the merits of Plaintiffs' claims" and calls into question Judge Moore's fairness and impartiality. Aplt. Opening Br. at 30. This allegation of bias is untenable and borders on frivolous. Judge Moore made the comment in applying this circuit's precedent that self-inflicted harm does not satisfy the irreparable-harm prong of the TAIA exception that was at issue. Nothing in the record or Ms. Hook's appellate briefs suggests that Judge Moore's comment derived from an extrajudicial source or evidenced "such a high degree of favoritism or antagonism as to make fair judgment impossible." *United States v. Nickl*, 427 F.3d 1286, 1298-99 (10th Cir. 2005) (internal quotation marks omitted).

**D. Dismissal of quiet title claim**

Ms. Hook questions whether it was proper for the district court to dismiss the quiet title claim on the ground that it was dependent on the other claims that were dismissed for lack of jurisdiction or failure to state a claim. The quiet title claim was brought under 28 U.S.C. § 2410, and she argues that it requires different elements of proof than the claims brought under various provisions of the Internal Revenue Code. But the plain language of the amended complaint expressly *and exclusively* based the quiet title claim on the other claims, which were set out in sections or "paragraphs" numbered I through VII:

> Due to the actions and inactions of the United States described in the foregoing Paragraphs I–VII, a cloud has been placed on the title to the real and personal property owned by Smith and/or Hook, who are entitled to have the title to their real and personal property quieted in accordance with . . . § 2410.

Aplt. App. at 88. As a matter of law and logic, the quiet title claim was no longer viable once the court had determined that dismissal of the claims on which it depended (or from which it arose) was proper. Dismissal of the predicate claims precluded Ms. Hook from establishing any improper clouds on title resulting from the government's alleged wrongdoing. And absent an ability to establish any such improper clouds, the quiet title claim lacked any supporting allegations, let alone allegations suggesting a "plausible" claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" which occurs "when the plaintiff pleads factual

13

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal quotation marks omitted)).

### E. Exhaustion of administrative remedies for release of tax liens

Ms. Hook challenges the district court's conclusion that her claim for damages under 26 U.S.C. § 7432, based on the IRS's failure to release tax liens, should be dismissed under Rule 12(b)(6) because she did not exhaust her administrative remedies. Section 7432(a) authorizes suits for the failure to release a lien under 26 U.S.C. § 6325, which in turn requires the IRS to release a lien only after the underlying liabilities have been "fully satisfied" or have become "legally unenforceable," § 6325(a)(1). But to bring suit under § 7432(d)(1), a taxpayer must first exhaust available administrative remedies. To properly exhaust, the taxpayer must file an administrative claim that provides, among other things, "[t]he dollar amount of the claim, including any damages that have not yet been incurred but that are reasonably foreseeable." 26 C.F.R. § 301.7432-1(f)(2)(vi). The district court observed that plaintiffs failed to comply with this requirement, noting that in one of their administrative claims, plaintiffs stated only that the amount they had paid the IRS exceeded the amount they owed by a "'substantial amount.'" Aplt. App. at 465 (quoting *id.* at 167). Ms. Hook offers no plausible argument that this conclusion was in error. She simply points to the administrative claim referenced in the district court's decision and a few other administrative claims, several of which do not concern the release of liens but instead seek refunds or the return of levied or seized

14

property.  None of these state the "dollar amount of the claim."  Accordingly, we discern no error in the district court's dismissal of this claim.

## CONCLUSION

The judgment of the district court is affirmed.  Ms. Hook's motion to proceed on appeal without prepayment of costs or fees is granted, and we remind her of her obligation to continue making partial payments until her entire appellate filing fee has been paid in full.

Entered for the Court

Jerome A. Holmes
Circuit Judge